## CYRUS TRUE *versus* FREEMAN McGILVERY.

When the defendant was master and part owner of a vessel, and the plaintiff part owner of the cargo, he may maintain an action against the defendant for his share of the proceeds of the sales of the cargo.

Where one performs labor for the benefit of another under his oversight and direction, the one who receives the benefit of the labor should pay for it, and a promise to do so may be inferred.

EXCEPTIONS were taken to the rulings of Hathaway, J., who tried the cause at *Nisi Prius,* by the defendant, the verdict being for the plaintiff.

This is an action of the case to recover for certain labor, and for one eighth of the proceeds of the sale of a cargo of lumber and other articles shipped on board of the bark J. Merithew, the defendant being master and part owner of the said bark J. Merithew.

It was proved that the plaintiff went out to California in the bark, that he owned one eighth of the cargo, the defendant one eighth, and that the balance was owned by several other owners; and that he performed certain labor or services in discharging the cargo at California.

The defendant's counsel requested the court to instruct the jury that if they should find that the cargo was owned by the plaintiff and defendant, and others as part owners of the same, and that the accounts between the part owners relative to the sales of said cargo, had never been adjusted, and a balance struck of the amount due from the defendant to the plaintiff, then this action could not be maintained in its present form, to recover his part of what might be due from the sales of the cargo.

The court declined so to instruct the jury, and instructed them that if they should find that the defendant had not accounted to the plaintiff for all of his share of the proceeds of the sales of said cargo, then they would find for the plaintiff for such sum as they should find due and unpaid. The

defendant's counsel also requested the court to instruct the jury that if they should find that the said master was hired and sailed said bark by the month, then he would not be liable to the plaintiff for any labor or services rendered in discharging said cargo, beyond his share in the cargo, unless he had agreed so to do.

In answer to this request the judge instructed the jury, that for whatever services the plaintiff rendered in discharging the cargo over and above his part thereof, the defendant would be liable in this action for the full amount of what these services were reasonably worth, provided such labor or services were rendered by defendant's request. That it was not necessary to prove an express request and promise to pay. That such labor or service might have been performed under circumstances from which such promise might be inferred. And if the proofs concerning acts, condition and conduct of the parties at the time where the labor or services were performed, and the whole evidence in the case satisfied the jury that the labor or service was performed under circumstances from which a promise to pay should be implied, such implied promise would have the same effect in this case as an express promise.

The plaintiff owned no part of the bark J. Merithew.

*N. Abbott*, counsel for the defendant, submitted the following argument in support of the exceptions:

The action is assumpsit to recover the plaintiff's share of the proceeds of a cargo of lumber, owned by *plaintiff* and *defendant* and *others*, as *tenants in common*; and for labor performed in discharging said lumber, at the port of discharge, the defendant being master of the vessel as well as. part owner of the lumber.

The defendant's counsel requested the court to instruct the jury that if they should find that the cargo was owned by the plaintiff and defendant and others, as *part owners* of the same, and that the accounts between the part owners relative to the sales of said cargo had never been adjusted,

and a balance struck of the amount due from the defendant to the plaintiff, then this action could not be maintained in its present form to recover the plaintiff's *part* of what might be due from the sales of the cargo. The court declined to give said instruction, and instructed the jury that the action could be maintained by the plaintiff for his share of the proceeds of the sales of the lumber.

This was erroneous. It has been repeatedly decided by this court, that *assumpsit* is not the proper action in such a case; that the action of *account* is the proper remedy.

The court also erred in declining to give the requested instruction relative to the defendant's liability to pay the plaintiff for his services in discharging cargo. The labor which plaintiff performed in discharging the cargo, was performed for the owners. The defendant, not running the vessel on shares, but being hired by the month, as master, is only liable, if liable at all, for his share, unless he has made himself liable by special agreement, or in some way requested plaintiff to perform the labor. The plaintiff being a part owner himself of the lumber he aided in discharging, surely the law will not *imply* a promise on the part of another part owner to pay him for his services, and especially the *whole* amount of his services.

*White & Palmer*, counsel for the plaintiff.

HATHAWAY, J. The bark J. Merithew was owned by the defendant and others. The defendant was master, and sold her cargo, one eighth part of which was owned by the plaintiff.

The defendant rendered an account of the sales of the cargo, to the owners of the bark, showing a balance, in his hands, due to the plaintiff, for which, if it were not paid, either he was liable or all the owners were jointly liable to the plaintiff, and upon the pleadings in the case, it is immaterial whether the defendant alone was liable, or the owners were jointly liable, for the defendant, being master, and one

of the owners, was sued alone, and pleaded the general issue and payment.

The plaintiff had no interest in the bark, and had no occasion for further account. After the cargo had been converted into money, his part of the net proceeds of the sales was mere matter of computation.

Concerning the second request of the defendant's counsel: When one man works, as a servant, for another, and for his benefit, and under his oversight or direction, he who receives the benefit of the labor should pay for it; and in the absence of proof of a special request or promise to pay, such request or promise may be inferred. 2 Greenl. Ev., sec. 108, 6th ed.

*Exceptions overruled.*

GOODENOW, J., *dissenting.* In my opinion, the second requested instruction should have been given. The labor performed by the plaintiff in discharging the cargo was for himself and all the other owners. He could only call on each for a contribution, according to his interest in the cargo. The obligation was several and not joint, the plaintiff being himself a part owner. He could not sue all, himself included.

The instructions given were not equivalent to those requested. They were not sufficiently specific. They do not state what the evidence was or the circumstances, from which the jury could imply that the defendant promised to pay the plaintiff, not only for himself, but for all the other part owners; I think the exceptions should be sustained.